# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCUS HAND, | No. 4:18-CV-01287 |
| Plaintiff, | (Judge Brann) |
| v. | |
| DR. JULIAN GUTIERREZ and BARBARA ARENTZ, | |
| Defendants. | |

## MEMORANDUM OPINION

### SEPTEMBER 4, 2019

## I.     BACKGROUND

Marcus Hand, a Pennsylvania state prisoner, filed this 42 U.S.C. § 1983 complaint alleging that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by intentionally delaying and denying his access to necessary medical treatment.[1] Hand alleges that, in 2012, he was diagnosed with glaucoma and high intraocular pressure that eventually required surgery.[2]

In June 2016, Hand was referred to an ophthalmologist at Hershey Eye Center ("HEC") for a consultation regarding possible surgery.[3] Doctor Papachristou

---

1   Doc. 1 at 2-3.

2   *Id.* at 3.

3   *Id.* at 5.

recommended that Hand undergo surgery and, on August 2, 2016, successfully performed said surgery ("August Surgery").[4] That surgery had a six-week recovery period and, on August 15, 2016, Doctor Papachristou recommended a follow-up appointment in two weeks' time.[5] Defendants allegedly failed to schedule that follow-up appointment.[6]

On September 13, 2016, Hand lost vision in his surgically-repaired eye "as a result of bleeding from the" August Surgery, which necessitated emergency treatment.[7] On October 3, 2016, Doctor Papachristou adjusted Hand's medications and recommended a one-month follow-up appointment to monitor the effects of the medication adjustment.[8] Defendants again failed to schedule the follow-up appointment and informed Hand that an appointment was not necessary because HEC had released Hand from their care.[9]

On January 8, 2017, Hand began experiencing pain and discomfort in his surgically-repaired eye.[10] On January 18, 2017, a doctor concluded that Hand's pain

---

[4]  *Id.* at 5-6.
[5]  *Id.* at 6.
[6]  *Id.*
[7]  *Id.*
[8]  *Id.* at 7.
[9]  *Id.*
[10] *Id.* at 9.

was caused by stitches put in place during the August Surgery, which caused intraocular pressure.[11]

Defendants have filed a motion to dismiss in which they argue that Hand has failed to allege (1) sufficient personal involvement by Barbara Arentz in the violation of his Eighth Amendment rights or (2) any actionable claim related to a delay in medical care.[12] Hand in turn asserts that Arentz was personally involved in any violations because—as Defendants state—she was responsible for scheduling all consultation appointments with outside doctors,[13] and asserts that the facts are sufficient to establish that Defendants were deliberately indifferent to his medical needs because they intentionally refused to follow the treatment plan of a medical professional.[14] For the following reasons, the motion will be granted.

## II. DISCUSSION

"In reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6), [this Court must] accept all factual allegations as true, [and] construe the complaint

---

[11] *Id.*

[12] Docs. 15, 16. Defendants also assert that certain claims are barred by the statute of limitations. (Doc. 16 at 11-13). However, Hand clarifies in his response brief that he does not intend to bring any action related to events that fall outside the statute of limitations, and such facts are included in his complaint only to demonstrate that Defendants were aware of his medical condition. (Doc. 22 at 9).

[13] Doc. 22 at 4-5.

[14] *Id.* at 6-8.

in the light most favorable to the plaintiff."[15] "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility."[16] "This requires a plaintiff to plead sufficient factual matter to show that the claim is facially plausible, thus enabling the court to draw the reasonable inference that the defendant is liable for misconduct alleged."[17]

"The Eighth Amendment, through its prohibition on cruel and unusual punishment, prohibits the imposition of 'unnecessary and wanton infliction of pain contrary to contemporary standards of decency.'"[18] "Accordingly, . . . prison officials violate the Eighth Amendment when they act deliberately indifferent to a prisoner's serious medical needs by 'intentionally denying or delaying access to medical care or interfering with the treatment once prescribed.'"[19] "In order to sustain this constitutional claim under 42 U.S.C. § 1983, a plaintiff must make (1) a subjective showing that the defendants were deliberately indifferent to his or her

---

[15] *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks omitted).

[16] *Id.*

[17] *Id.* (internal quotation marks omitted).

[18] *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993)).

[19] *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)).

4

medical needs and (2) an objective showing that those needs were serious."[20] The United States Court of Appeals for the Third Circuit has "found deliberate indifference in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment."[21]

The Court concludes that the facts alleged in Hand's complaint are insufficient to state a claim for relief for several reasons. First, there is no allegation in the complaint that Defendants were responsible for setting up appointments with offsite doctors and, thus, were responsible for the failure to ensure that Hand was returned to Doctor Papachristou for follow-up appointments.[22] Moreover, the complaint does not differentiate between Defendants or explain which Defendant has the authority to schedule appointments with offsite doctors. Although the briefs supporting and opposing Defendants' motion demonstrate that Arentz has at least some involvement

---

[20] *Id.* (footnote, brackets, and internal quotation marks omitted).

[21] *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016) (internal quotation marks omitted).

[22] Defendants concede that Arentz is responsible for setting up offsite appointments, but only when such appointments are prescribed by onsite medical personnel. (Doc. 16 at 6). Hand's complaint includes no allegation that such a prescription was made, or that Defendants have the responsibility or ability to make appointments absent such a prescription.

5

in making appointments, it "is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."[23]

Similarly, although Hand asserts that Defendants deliberately undermined the treatment plan recommended by Doctor Papachristou, there is no allegation in the complaint that Arentz was aware of the treatment plan or the August 15, 2016, recommendation for a follow-up appointment.[24] The allegations are also deficient because there is no allegation that Defendants—even if they were responsible for scheduling appointments and knew that a follow-up appointment was required— were deliberately indifferent in their failure to schedule such a follow-up appointment with Doctor Papachristou. The complaint leaves open several plausible explanations for why no follow-up appointment was scheduled, including that Defendants were simply negligent, which is insufficient to support an Eighth Amendment claim.[25]

Finally, the Court notes that, even if Defendants intentionally failed to schedule the follow-up appointments, such failure would be actionable only if their denial of the request for a follow-up appointment "expose[d Hand] to undue

---

[23] *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (internal quotation marks omitted)

[24] Hand does assert that he inquired of Defendants about the follow-up appointment recommended on October 2, 2016, which is sufficient to have placed Defendants on notice of that recommendation.

[25] *See Parkell*, 833 F.3d at 337 ("A prisoner bringing a medical-needs claim must show more than negligence . . ." (internal quotation marks omitted)).

suffering or the threat of tangible residual injury."[26] The complaint is bereft of any allegations that Defendants understood that the failure to schedule a follow-up appointment would expose Hand to the possibility of suffering or injury.

In sum, the complaint fails to state a claim against Defendants, and will therefore be dismissed. Although the Court will dismiss Hand's complaint, because it is not clear that amendment would be futile, Hand will be provided an opportunity to amend his complaint.[27]

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted, and Hand's complaint is dismissed without prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[26] *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (internal quotation marks omitted).
[27] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).